HARVEY J. BRESLER, Respondent, *v.* NEW YORK AMERICAN, INC., Appellant.

First Department, January 10, 1930.

576

*William A. DeFord*, for the appellant.

*James Madison Blackwell* of counsel [*Blackwell Brothers*, attorneys], for the respondent.

PROSKAUER, J. The plaintiff has had judgment in an action for libel. The article complained of imputed to the plaintiff the authorship of certain scurrilous "poison pen" writings that had been circulated, and indeed stated that he had admitted the blame for the sending of these anonymous communications. It was libelous *per se* and a jury might well have found that it reflected on the plaintiff both as a man and as a lawyer.

A reversal of the judgment in plaintiff's favor is necessitated by certain errors in the charge. The court instructed the jury that it was within its power to give exemplary damages, that they should consider "what will be a proper sum for punishment," and that it was within their power to determine "what should be the amount of punitive damages." The fair implication of the court's instruction was that the jury should necessarily award some punitive damages. The defendant's counsel specifically asked for a charge "that it is entirely within their discretion whether they shall make any award for punitive damages at all." This request was refused by the court and an exception duly taken. The defendant was entitled to have the jury so instructed. The language of the main charge which strongly condemned the writer of the anonymous letters accentuated the seriousness of the refusal to charge. The effect of all this taken together was to impress upon the jury the court's view that the libel complained of was a serious one and to lead them to believe that they were compelled to give punitive damages.

As there must be a new trial, we refer briefly to the appellant's argument that one of the two causes of action should be dismissed inasmuch as there can be but one cause of action upon a libel. The two causes of action set forth in the complaint are identical, excepting that one claims damages for the reflection upon the plaintiff's reputation as a lawyer and the other claims general

damages. The two causes of action must be regarded substantially as one and we see no reason why the plaintiff should be estopped from having the jury consider his two claims merely because he has set them forth as two causes of action.

The judgment and order should, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.